# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 17-04016-01-CR-C-SRB |
| **LUCAS WAYNE SLUSSER**, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Thomas M. Larson, the Acting United States Attorney for the Western District of Missouri and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on October 23, 2017. For the reasons set forth below, the Government recommends that the Court sentence the defendant, Lucas Wayne Slusser, to 210 months' imprisonment and ten years' supervised release.

## I.    BACKGROUND

In May and June 2016, a Homeland Security Investigations (HSI) Special Agent (SA), while using a device connected to the internet, observed Kik user "Illseewhaticando" (display name: "Srv Hellbound" - later identified as being controlled by Lucas Wayne Slusser) distributing sexually explicit material depicting children while on the Kik Messenger platform in the group "3YO Clan." Specifically, the SA observed Slusser post a video 37 seconds in duration, which depicted a prepubescent female between the approximate ages of 4-7 years old lying on her back while an adult male's penis is observed rubbing against the child's vagina and attempting to penetrate the child's anus. The SA also observed Slusser post five additional images depicting

either a male's hand or penis penetrating an infant's vagina or anus. On a separate occasion, the SA observed Slusser post an image of a female child bound with rope around her legs and arms. On another occasion, the SA observed Slusser post two separate videos: a video 45 seconds in duration depicting a prepubescent female ages 7-11 engaged in oral sex with an animal, and a 1 minute 37 second video of an adult male exposing and kissing a prepubescent 3-5 year old female's vagina. On an additional occasion, the SA observed Slusser post an image of a 4-8 year old female lying on a bed and exposing her vagina for the camera and a 1 minute 3 second video depicting an adult male penetrating a 3-5 year old female child.

On August 26, 2016, HSI Kansas City executed a federal search warrant at Slusser's residence. During the search warrant, HSI Special Agents seized numerous digital devices, including a desktop computer and multiple cellular telephones belonging to Slusser. The desktop computer was in working order and had an updated operating system installed.

An HSI SA conducted an audio-recorded interview of Slusser in the SA's government vehicle. During the course of this interview, Slusser stated he owned numerous cell phones and utilized the cellular phone application Kik Messenger. Slusser stated that, when he used Kik Messenger, he would chat in inappropriate chat rooms where others would exchange photographs and videos of children, with and without clothes, as well as child pornography. Slusser stated he utilized the Kik Messenger username "Illseewhaticando" and email address lws.shovelhead@yahoo.com.

An HSI Computer Forensics Analyst (CFA) conducted a thorough examination of the cellular telephones and digital devices seized during the search warrant and identified numerous suspected child pornography files, containing both video and images. The files depicted infants and toddlers, violent sexual acts against children and videos depicting child pornography which

2

contained sexual acts with animals. The videos and images were mostly found in allocated space, where files are active, stored in the system and accessible to the user. Additionally, the CFA located child erotica, internet history indicating seeking out and sharing child pornography. The CFA identified 2 suspected child pornography videos and 5 images distributed by Slusser and received by the SA during the undercover Kik investigation.

On May 15, 2017, Slusser pled guilty to Count 1 of an Indictment charging receipt or distribution of child pornography over the Internet, in violation of 18 U.S.C. § 2252(a)(2). Slusser's Base Offense Level was calculated as a 22.

The United States Probation Office calculated the Sentencing Guidelines as follows:

| | |
|---|---|
| **Base Offense Level: § 2G2.2** | **22** |
| **Specific Offense Characteristic (§ 2G2.2(b)(2))** | **+2** |
| **Specific Offense Characteristic (§ 2G2.2(b)(3)(B))** | **+5** |
| **Specific Offense Characteristic (§ 2G2.2(b)(4)(A))** | **+4** |
| **Specific Offense Characteristic (§ 2G2.2(b)(6))** | **+2** |
| **Specific Offense Characteristic (§ 2G2.2(b)(7)(D))** | **+5** |
| **Acceptance of Responsibility** | **-3** |
| **Total Offense Level** | **37** |

With Slusser' Criminal History Category of I, this calculation results in an applicable Guidelines range of 210-262 months. Slusser is also subject to a statutory minimum of five (5) years as to Count 1, distribution of child pornography. (PSR ¶¶ 13-26, 32, 53.) The Government recommends a sentence of 210 months.

## II. <u>DISCUSSION</u>

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, including any applicable departures. *See* United States Sentencing Commission, <u>Guidelines Manual</u>, § 1B1.1(a) and (b). The Court then must

3

consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. USSG § 1.1B1(c).

The Supreme Court has observed that "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives'." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). The Government submits that this case falls within that category of cases for which the Guidelines sentence is sufficient, but not greater than necessary, to meet the goals outlined in 18 U.S.C. § 3553(a). While 210 months is a significant sentence, given Slusser's conduct in this case, it is reasonable and justified under § 3553(a) for the reasons set forth below.

## A. *Objections to the PSR*

Slusser objects to certain special conditions of supervision contained in ¶ 59 of the PSR. "A district court has broad discretion to order special conditions of supervised release if each condition: 1) 'is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a)'; 2) 'involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)'; and 3) 'is consistent with any pertinent policy statements issued by the Sentencing Commission'." *United States v. Bender,* 566 F.3d 748, 751 (8th Cir. 2009)*, see also United States v. Mark,* 425 F.3d 505, 507 (8th Cir.2005), *citing* 18 U.S.C. § 3583; *United States v. Boston,* 494 F.3d 660, 667 (8th Cir.2007). "A condition is reasonably related if tailored to 'the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medicinal or other correctional needs." *Bender,* 566 F.3d at 751 (quoting *United States v. Crume*, 422 F.3d 728, 733 (8th Cir.2005)).

4

*Special Condition (f)*

The defendant first objects to special condition (f), requesting it be amended to read, "or have any more than incidental contact". (PSR ¶ 59(f).) The Government has no objection to this amendment if the following is also added, "defendant will report any incidental contact to the Probation Office."

*Special Condition (g)*

The defendant objects to the special condition (g), which reads, "The defendant will neither possess nor have under his/her control any matter that is pornographic/erotic or that describes sexually explicit conduct, violence toward children or child pornography [as described in 18 U.S.C. 2256(2) and (8)], including photographs, images, books, writings, drawings, videos, and electronic material." (PSR ¶ 59(g).) The defendant states that this condition is erroneously overbroad and vague, and would chill many permissible, and even desirable types of conduct and expression.

"Prohibitions on the possession of pornographic materials are not unusual special conditions, and they have often withstood First Amendment challenges" *United States v. Simons*, 614 F.3d 475, 483 (8th Cir. 2010). *See also United States v. Stults*, 575 F.3d 834, 854-55 (8th Cir. 2009) (upholding, on plain error review, a child pornography defendant's ban on "accessing, viewing, or possessing any pornographic sexually oriented or sexually stimulating materials"); *United States v. Boston*, 494 F.3d 660, 668 (8th Cir. 2007) (holding that district court did not abuse its discretion in imposing a ban on "viewing or possessing any form of pornography, sexually stimulating or sexually oriented material"); *United States v. Ristine*, 335 F.3d 692, 694-95 (8th Cir. 2003) (upholding on plain error a ban on possession pornographic materials for a defendant convicted of receiving child pornography). In order to survive Court scrutiny, "inquiry must take

5

place on an individualized basis; a court may not impose a special condition on all those found guilty of a particular offense." *Bender*, 566 F.3d at 752 (quoting *United States v. Davis*, 452 F.3d 991 (8th Cir. 2006)).

In *Bender*, the Eighth Circuit remanded the case for additional findings of facts and resentencing because the district court's ban against possessing sexually stimulating materials was not based on the "nature and circumstances of the offense and history and characteristics of the defendant." *Bender*, 566 F.3d at 752. In *Simons*, the language was overbroad and overly vague because it prohibited Simons from possessing any material that depicts nudity. The Eighth Circuit found that, "by its terms, it would prohibit Simons from viewing a biology textbook or purchasing an art book that contained pictures of the Venus de Milo, Michelangelo's David, or Botticelli's Birth of Venus, all which depict nudity." *Simons*, 614 F.3d at 483. Unlike *Simons*, the language used by the Probation Office in this case is specifically tailored to pornographic/erotic material and is, therefore, not overly vague.

Slusser's case is distinguishable from *Bender* and analogous to the circumstances in *Stults*, *Boston* and *Ristine* in that the prohibition on the possession of pornographic material is based on the nature and circumstances of the offense and history and characteristics of the defendant. The Probation Officer responded to Slusser's objection by stating the "conditions are based on the history and characteristics of the defendant and used to address all risk and/or needs of the defendant to ensure he makes a successful transition back into the community, and to receive any necessary treatment in order to mitigate risk and treat ongoing issues." (PSR Obj. 4.) Specifically, Slusser's offense involves uploading, possessing and distributing child pornography. The images depict toddlers and infants engaged in sexual activity. Slusser admitted he has sent and received hundreds of videos and pictures via the internet.

6

Defense counsel argues that prohibiting possession of legal adult pornography would chill many permissible and even desirable types of conduct and expression. However, that argument assumes Slusser would have the same responses to sexual images and sexual fantasy as do non-offenders. Slusser had collected thousands of images depicting pre-pubescent children in sexual situations, some of which involved bestiality and sadomasochism. In a paper addressing Sexually Explicit Material as Contraband for Convicted Sex Offenders, Jim Tanner, PhD, discusses how sex offenders respond to sexually explicit material. The research suggests, "sex offenders have different responses to sexual images and sexual fantasy than do non-offenders…In general, offenders perceive more deviant undertones and are more aroused to deviant undertones in pornography than are non-offender populations." Jim Tanner, PhD, *Sexually Explicit Material as Contraband for Convicted Sex Offenders*, at *2, http://www.kbsolutions.com/PornContraband.pdf.

Due to the nature of this offense, Slusser's history, and the desire to deter him from this conduct in the future, this special condition prohibiting Slusser's access to sexually explicit material involving adults is not overly broad.

*Special Condition (i)*

The defense does not object to this condition, provided that the condition states that the test and accompanying interview will only be used for treatment purposes and allocation of supervisory resources and attention. The Government has no objection to this amendment.

*Special Condition (l)*

The Defendant objects to special condition (l), which reads, "The defendant's place of residence may not be within 1,000 feet of schools, parks, playgrounds, public pools, or other locations frequented by children." (PSR ¶ 59(l).) This condition is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a), involves no greater deprivation of liberty than

7

is reasonably necessary since Slusser will be required to adhere to sex offender registry requirements, and it is tailored to the nature and circumstances of the offense, Slusser's history and characteristics, and the deterrence of future criminal conduct in that Slusser's offense involved a sexual attraction to children.

*Special Condition (m)*

Slusser objects to special condition (i), which reads, "The defendant is barred from places where minors (under the age of 18) congregate; such as residences, parks, pools, daycare centers, playgrounds and school, unless prior written consent is granted by the Probation Office." (PSR ¶ 59(m).) Slusser argues that this condition would prohibit him from almost all public places, such as church restaurants, the library, etc. This condition is not overly restrictive because it is specifically related to Slusser's offense conduct and history and, because Slusser may seek prior probation officer approval, it is not overly restrictive.

*Special Condition (q)*

The defendant objects to special condition (q), requesting it be amended to read, "The defendant shall not maintain or create a user account on any social networking site (i.e. Myspace, Facebook, Adultfriendfinder, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually explicit material, chat conversations, or instant messaging, involving persons under the age of 18, without the prior approval of the Probation Office. The defendant shall not view and/or access any web profile users under the age of 18." The Government has no objection to this amendment.

**B.** *Application of the § 3553(a) Factors*

**1.    The History and Characteristics of the Defendant**

The defendant's history and characteristics are the first of the factors enumerated in 18 U.S.C. § 3553(a)(1).  Slusser has minimal criminal history resulting in zero points.  (PSR ¶ 29.)  Slusser was primarily raised by his maternal grandparents due to him not being able to "get along" with his mother and sisters, coupled with the fact that his father was not present in his life.  Slusser did not indicate any other significant issues during his upbringing.  (PSR ¶¶ 36-37.)  He has a history of alcohol, marijuana and methamphetamine use.  (PSR ¶ 43.)  Slusser has approximately 12 years of construction experience, and has mainly been doing self-employed work with his brother-in-law.  (PSR ¶ 49.)  Given Slusser's history and characteristics, a sentence of 210 months is warranted.

**2.    The Nature and Circumstances of the Offense**

The nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to deter other criminal conduct, 18 U.S.C. § 3553(a)(2)(B), all weigh in favor of the Guidelines-range sentence that the Government recommends.

Slusser was seeking out and distributing child pornography of a very disturbing nature.  The videos and images he distributed and received depicted extremely young children engaged in horrendous sexual acts with adults and animals.  Investigators found 1,507 files depicting infants and toddlers, 77 files depicting violent sexual acts against children, and 49 videos depicting child pornography, which contained sexual acts with animals.  (PSR ¶ 6.)  The viewing and exchanging of child pornography is not a harmless, victimless crime.  Child pornography images are, of course,

9

more than simply pixels on a screen: they represent real children who were victimized by adults and whose lives will never be normal after undergoing such horrific abuse, as is evidenced by the numerous victim impact statements attached to the PSR.  Although Slusser and other similar users did not produce the child pornography, their desire to view and exchange such material creates a demand for the child pornography, and serves to encourage and perpetuate this activity.  Given the nature and circumstances of this offense, a sentence of 210 months would serve to reflect the seriousness of the offense, and would serve as a deterrent to others.

      **3.**      **The Need to Avoid Unwarranted Sentencing Disparities**

Uniformity in sentencing among similarly-situated defendants is also an important element of sentencing, 18 U.S.C. § 3553(a)(6), and in general, this factor weighs in favor of a Guidelines-range sentence, since the Court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" when calculating and reviewing the Guidelines range.  *Gall v. United States*, 552 U.S. 38, 54 (2007).  A Guidelines range sentence of 210 months is appropriate to avoid unwarranted sentencing disparities in sentencing other defendants similar to Slusser.

      **4.**      **Balancing of All § 3553(a) Factors**

A 210 month sentence is significant; however, given Slusser's conduct in the instant case and the disturbing nature of the images he was seeking out and viewing, such a sentence is appropriate to punish Slusser for his conduct and to deter others from engaging in similar conduct.

**C.**      ***Recommended Sentence for Monetary Penalties***

Due to Slusser's inability to pay, the Government is not advocating that a fine be imposed.  However, the $100 Special Assessment is mandatory, and must be paid in full by Slusser no later than the day of sentencing.

10

D.    *__Restitution__*

In addition to any other civil or criminal penalty authorized by law, the court shall order restitution for this particular offense.  18 U.S.C. § 2259(a)(4)(A).  Additionally, "A court may not decline to issue an order under this section because of (i) the economic circumstances of the defendant; or (ii) the fact a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source."  18 U.S.C. § 2259(B).

The Government has received a restitution request from an attorney representing the victim identified in the "Cindy" series.  Slusser possessed one image and one video from that series.  Based on the number of images possessed and the length of the video, the Government is requesting a restitution order in the amount of $2,500.

### III.    __CONCLUSION__

The Government respectfully suggests that a sentence of 210 months constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

Respectfully submitted,

**Thomas M. Larson**
Acting United States Attorney

By            /S/

**Ashley S. Turner**
Assistant United States Attorney
Missouri Bar No. 62314

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 29, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

_____/S/_____
**Ashley S. Turner**
Assistant United States Attorney

12